IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| SHEILA WHITTINGTON, | : |
| Plaintiff, | : |
| VS. | : |
| | : 1 : 10-CV-131 (WLS) |
| MICHAEL J. ASTRUE, | : |
| Commissioner of Social Security, | : |
| Defendant. | : |

## RECOMMENDATION

Plaintiff filed this Social Security appeal on September 30, 2010, challenging the Commissioner's final decision denying her application for disability benefits, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1).   Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Hoffman v. Astrue*, 259 Fed. Appx. 213, 216 (11th Cir. 2007).   The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh

the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal."  *Cornelius*, 936 F.2d at 1145-1146.

Under the regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process.  20 C.F.R. § 404.1520.  In Step One, the Commissioner determines whether the claimant is working.  In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits her ability to carry out basic work activities.  At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations.  At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work.  Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

In a termination of benefits case, there must be substantial evidence to show that Plaintiff's impairment(s) have medically improved to the point that she can perform substantial gainful activity. 42 U.S.C. § 423(f); *Simpson v. Com'r of Social Security*, 423 Fed. Appx. 882, 884 (11th Cir. 2011). The Social Security regulations have established a specific sequential evaluation process for determining whether a claimant's disability has ceased.  *Simpson*, 423 Fed. Appx. at 884; 20 C.F.R. 404.1594(f).  As part of this process, the adjudicator must consider whether a claimant has experienced medical improvement in her condition, which is defined as any decrease in the medical severity of the

impairment(s) based on changes in the symptoms, signs, and/or laboratory findings associated with the impairment(s). 20 C.F.R.§ 404.1594(c). If the claimant has experienced medical improvement, the adjudicator must determine if the medical improvement relates to the claimant's ability to work. *Id.*

The adjudicator also must determine if an exception to medical improvement applies, which could result in a finding of "not disabled" even though medical improvement has not occurred. 20 C.F.R. § 404.1579. The following group of exceptions may result in a determination that the claimant is no longer disabled: 1) the claimant is the beneficiary of advances in medical therapy or technology; 2) based on new or improved diagnostic or evaluative techniques the claimant's impairment(s) is not as disabling as it was at the most recent favorable decision; 3) any prior disability decision was in error; or 4) the claimant is currently engaging in substantial gainful activity. *Id.* at § 404.1579(d). In addition to the first group of exceptions, the following group of exceptions may also result in a finding that the claimant is no longer disabled: 1) a prior determination or decision was fraudulently obtained; 2) the claimant did not cooperate; 3) the agency is unable to find the claimant; or 4) the claimant fails to follow the prescribed treatment that would be expected to restore the claimant's ability to engage in substantial gainful activity. *Id.* at § 404.1579(e). "If an exception from the second group of exceptions to medical improvement applies, [the claimant's] disability will be found to have ended." *Id.* at § 404.1579(f)(4).

*Administrative Proceedings*

Based on an application for disability benefits filed by Plaintiff, the Social Security Administration (hereinafter "the agency") determined that Plaintiff became disabled on April 22, 1992. (Tr. 32-37). Following Plaintiff's third continuing disability review ("CDR"), the agency determined that, as of March 2006, Plaintiff was no longer disabled. (Tr. 372-74, 378). The decision was upheld upon reconsideration. (Tr. 290-92). An initial hearing was held before an Administrative Law Judge

("ALJ") in Albany, Georgia on September 20, 2007.  (Tr. 430-44).  Due to insufficient medical evidence, a second hearing was held before an ALJ in Albany, Georgia on February 12, 2008.  (Tr. 25, 416-27).  Thereafter, in a hearing decision dated March 25, 2008, the ALJ determined that Plaintiff was not disabled.  (Tr. 18-23).  The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (Tr. 5-7).

*Statement of Facts and Evidence*

Plaintiff was found to be disabled in April 1992 due to peptic and esophageal ulcers.  (Tr. 36).  At the time of the second hearing before the ALJ, Plaintiff alleged she was still disabled due to stomach ulcer bleeding, arthritis, and sinus problems.  (Tr. 391).  The ALJ determined that Plaintiff had failed to cooperate with the agency, and Plaintiff had failed to follow her doctor's prescribed treatment.  (Tr. 22).  Thus, the ALJ found that Plaintiff was not disabled due to an exception to medical improvement.  (Tr. 20-22).

## DISCUSSION

Plaintiff maintains that the ALJ failed to properly determine if Plaintiff failed to comply with prescribed medical treatment, and failed to properly evaluate all of the evidence in the record.  (Doc. 22).  Plaintiff also alleges that the Commissioner erred by failing to afford Plaintiff written notice prior to the termination of her benefits, and erred by failing to properly determine if Plaintiff failed to cooperate with the agency.

*Failure to Comply with Medical Treatment*

Plaintiff asserts that the ALJ erred in his determination that Plaintiff was no longer disabled because Plaintiff failed to follow the prescribed medical treatment.  "[R]efusal to follow prescribed medical treatment without a good reason will preclude a finding of disability."  *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).  A claimant's noncompliance is excused if the claimant failed to

follow prescribed medical treatment due to poverty.  *Id.* at 1213.    If an ALJ "relies on noncompliance as the sole ground for the denial of disability benefits, and the record contains evidence showing that the claimant is financially unable to comply with prescribed treatment, the ALJ is required to determine whether the claimant was able to afford the prescribed treatment."   *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003).

In *Dawkins*, the ALJ's finding that the claimant was not disabled was "inextricably tied to the finding of noncompliance[.]"   *Dawkins*, 848 F.2d at 1214.    The court determined that the ALJ erred by failing to consider the claimant's ability to afford the prescribed medical treatment, and thus, the issue was remanded.   *Id.*    If the ALJ fails to make a determination regarding Plaintiff's ability to afford treatment prior to finding her not disabled due to noncompliance, the ALJ has committed reversible error.   *See e.g. Neal v. Commissioner of Social Security*, 2011 WL 4356205, *3 (M.D. Fla. Aug. 22, 2011).

> Herein, the ALJ stated that he reached his conclusion that Plaintiff was not disabled because
>
>> the treating evidence supports the conclusion that the claimant has not been diligent in maintaining medical care; that she was not cooperative in following prescribed treatment and medications; and that she was not cooperative in following her treating source's repeated prescriptions for clinical studies or abdominal or pelvic CT scans that would be necessary to support the diagnostic assessment(s) for pancreatitis or gastroesophageal reflux.

(Tr. 21-22).   The ALJ did mention that Plaintiff testified that she had no money to purchase prescribed medication, but the ALJ did not further discuss Plaintiff's poverty.   (Tr. 20).

At the initial hearing before the ALJ, as part of an explanation as to why Plaintiff had not been to the doctor or had a CT scan, Plaintiff's representative stated that Plaintiff had no Medicaid, no money or income, and was evicted from her residence.   (Tr. 440).    At the second hearing before the ALJ, Plaintiff testified that she went to see Dr. McPeters, her treating physician, but she did not have any way

to pay for the appointment.  (Tr. 423).   Dr. McPeters provided Plaintiff with prescriptions, but Plaintiff testified that she did not have the money to fill the prescriptions.  (Tr. 423).   Plaintiff also stated that she was supposed to be taking Ultram for her back pain, but she could not afford it.  (Tr. 425).

Initially, the Court notes that the ALJ did not fully develop the record regarding Plaintiff's inability to pay.  "It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits[.]"  *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000).   Pursuant to SSR 82-59,

> The claimant . . . should be given an opportunity to fully express the specific reason(s) for not following the prescribed treatment.   Detailed questioning may be needed to identify and clarify the essential factors of refusal.   The record must reflect as clearly and accurately as possible the claimant's . . . reason(s) for failing to follow the prescribed treatment.

After Plaintiff testified that she was unable to afford some of the prescribed treatment, the ALJ did not ask additional questions which would help him determine if Plaintiff had a justifiable reason (poverty) for failing to follow other prescribed treatment.   The ALJ also did not attempt to identify or clarify the factors which led to Plaintiff's failure to follow the prescribed treatment.   Without a more complete record regarding Plaintiff's inability to afford medical treatment, the Court cannot determine whether the ALJ's conclusion that Plaintiff failed to follow prescribed treatment was based on substantial evidence.   Thus, the case must be remanded so that the record can be further developed regarding Plaintiff's poverty.   See *Baker v. Astrue*, 2012 WL 353738, *4-5 (M.D. Ala. Feb. 2, 2012) (remanding the case because the ALJ erred as a matter of law by failing to develop the record with regard to free treatment, and for discrediting Plaintiff's testimony without inquiring into whether good cause existed to justify the plaintiff's alleged non-compliance); *Hill v. Astrue*, 2010 WL 1533121, *6 (M.D. Ala. April 15, 2010) (remanding the case because the ALJ failed to develop the record regarding the plaintiff's financial situation as it related to the plaintiff's ability to seek treatment after the plaintiff

testified that he could not afford treatment).

Even if the record contained sufficient evidence to show that Plaintiff's poverty excused her noncompliance, the ALJ failed to make a determination regarding Plaintiff's inability to afford the prescribed treatment. At the beginning of his Findings of Fact, the ALJ provided one sentence stating that Plaintiff "stated that she had no money to purchase prescribed medications." (Tr. 20). The ALJ's decision is silent with regard to any determination the ALJ made about Plaintiff's ability to afford prescribed treatment. *See Brown v. Commissioner of Social Security*, 425 Fed. Appx. 813, 817 (11th Cir. 2011) ("the ALJ may not draw an adverse inference from a claimant's lack of medical treatment without first considering the claimant's explanation for [her] failure to seek treatment"). Accordingly, the ALJ erred when he determined Plaintiff was no longer disabled due to her failure to follow prescribed treatment without considering the testimony that showed that Plaintiff did not get the prescribed treatment because she could not afford it. *See Ellison*, 355 F.3d at 1275 (if there is evidence of poverty, "the ALJ is required to determine whether the claimant was able to afford the prescribed treatment"); *Dawkins*, 848 F.2d at 1213 (holding that "poverty excuses noncompliance").

The ALJ also did not determine if Plaintiff would be able to engage in substantial gainful activity had she followed the prescribed medical treatment. The applicable exception to medical improvement states that the Commissioner can find the claimant no longer disabled if the claimant fails to follow prescribed treatment that would be expected to restore the claimant's ability to engage in substantial gainful activity. 20 C.F.R. § 404.1579(e). "In order to deny benefits on the ground of failure to follow prescribed medical treatment, the ALJ must find that had the claimant followed the prescribed medical treatment, the claimant's ability to work would have been restored." *Dawkins*, 848 F.2d at 1213.

Herein, the ALJ found that Plaintiff failed to keep medical appointments, failed to have a

prescribed CT scan done, and did not fill her prescriptions.  (Tr. 20-21).   The ALJ's decision is silent as to whether any of the medical appointments or prescribed procedures or medications would have restored Plaintiff's ability to engage in substantial gainful employment.   As the ALJ did not make specific findings regarding Plaintiff's ability to work, and there is not substantial evidence to support a finding that Plaintiff could engage in substantial gainful activity, the case must be remanded.   *See Dawkins,* 848 F.2d at 1213 (the finding that the plaintiff's ability to work would have been restored "must be supported by substantial evidence"); *Mote v. Astrue*, 2009 WL 632711, *5 (S.D. Ga March 10, 2009) (remanding the case because the ALJ did not make specific findings "regarding whether compliance with prescribed treatment would give [the p]laintiff the ability to work").

The Commissioner asserts that, even if the ALJ erred regarding a determination of Plaintiff's poverty, it is harmless error because it would not change the outcome of the ALJ's decision.   (Doc. 25). Specifically, the Commissioner contends that the ALJ made his decision based on Plaintiff's failure to cooperate.   The Court finds, however, that the ALJ did not base his decision on Plaintiff's failure to cooperate.   While the ALJ concluded that a finding of "not disabled" was warranted because Plaintiff failed to cooperate and failed to follow prescribed treatment (Tr. 22), the ALJ's decision does not discuss, nor make a determination regarding Plaintiff's failure to cooperate.   The ALJ's finding that Plaintiff was no longer disabled is "inextricably tied to the finding of noncompliance."   *See Dawkins*, 848 F.2d at 1214.   Thus, the ALJ's error was not harmless.

## CONCLUSION

As the Commissioner's final decision in this matter is not supported by substantial evidence and was not reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED** pursuant to Sentence Four of § 405(g).

On remand, the ALJ shall fully develop the record and determine if Plaintiff's poverty resulted in an inability to afford medical treatment, and thus, excused her failure to follow prescribed medical treatment.   The ALJ shall also determine if Plaintiff received adequate written notice of the termination of her benefits, and make a determination regarding Plaintiff's failure to cooperate during the review of her benefits.

Additionally, the Commissioner admits that the ALJ may not have considered all the evidence with regard to Plaintiff's medical improvement.   (Doc. 25).   Once the ALJ determined that Plaintiff met an exception to medical improvement identified in the second group of exceptions, the analysis stopped and there was a finding of "not disabled".   *See 20 C.F.R.* § 404.1579(f)(4).   On remand, if the ALJ determines that Plaintiff does not meet an exception identified in the second group of exceptions, the ALJ shall consider the objective medical evidence to determine if Plaintiff has experienced medical improvement.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED** this 13th day of February, 2012.

　　　　　　　　　　　　　　　　　　　　s/ *THOMAS Q. LANGSTAFF*

　　　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

llf