IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| SHELIA WHITTINGTON, | : |
|       Plaintiff, | : |
| v. | :   Case No.: 1:10-cv-131 (WLS) |
| CAROLYN COLVIN,[1] *Commissioner of Social Security*, | : |
|       Defendant. | : |

## ORDER

After the successful appeal of the denial of her social security benefits, Plaintiff Shelia Whittington filed the instant Motion for Attorneys' Fees requesting $13,565.05 for her two lawyers, Yolanda McKoy-Mott and Rachael G. Henderson of the Georgia Legal Services Program, based on 86.55 billable hours. (Doc. 131.) The Court grants the motion and awards Whittington $12,977.55.

The Equal Access to Justice Act requires a court to

> award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of Agency action, brought by or against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In other words, the EAJA contains four elements: (1) the moving party must be the prevailing party in a civil action against the Unite States; (2) the plaintiff must file the application for fees within thirty days of the final judgment; (3)

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. The Court substitutes her as the defendant under Federal Rule of Civil Procedure 25(d)(1).

1

the position of the government was not substantially justified; and (4) there are no special circumstances making an award unjust. *Id.*

In this case, there is not dispute Whittington satisfies these elements. (*See* Doc. 35 at 2 ("In this case, the Commissioner does not challenge Plaintiff's assertion that she was the 'prevailing party' in this action, that her position was substantially justified, or the hourly rates requested.").) The Commissioner, however, argues the $13,565.05 request is unreasonable because 86.55 hours is an inordinate amount of time to spend on this social security appeal. (*Id.* at 3.) The Commissioner urges the Court to scrutinize Whittington's request because this case was not unusually complex, some of the work appears clerical and duplicative, and a plaintiff cannot recover fees for work performed prior to the initiation of a lawsuit. (*Id.* at 4–8.)

Whittington admits the request is above average. (Doc. 32-3 at 6.) But she maintains this was a complex case involving four distinct legal issues and a 400-page transcript. (Doc. 36 at 2.) Furthermore, per Whittington, this case was unique because the Commissioner denied her continued benefits because she failed to cooperate. (Doc. 32-3 at 6.) Therefore, the case required her attorneys to pore through the administrative record to find things that were absent from the record. (*Id.*) In other words, they claim preparing the case was different than, say, litigating a case challenging whether the ALJ's decision is supported by substantial evidence. (Doc. 36 at 2–3.)

Turning now to the merits, the Court finds Whittington's amended request[2] (Doc. 36 at 4) is reasonable. First, the Commissioner's claim that Whittington cannot receive fees for pre-complaint work is unpersuasive. The Eleventh Circuit has suggested that a

---

[2] Whittington's amended request removed several of the billing entries the Government objected to as duplicative or clerical.

2

plaintiff may recover fees under the EAJA before the filing of an action when the hours are "linked to the preparation of the civil action in federal court." *Pollgreen v. Morris*, 911 F.2d 527, 534–36 (11th Cir. 1990). A number of courts have held a plaintiff may recover such fees. *Caylor v. Astrue*, 769 F. Supp. 2d 1350, 1352–53 (M.D. Fla. 2011) (collecting cases and holding that plaintiff could recover time attorney spent reviewing case before filing federal complaint). Furthermore, as a practical matter, attorneys have an ethical obligation to certify the factual and legal bases of their pleadings, Fed. R. Civ. P. 11, so a ruling that prohibits them from recovering fees from preparing a complaint would create perverse incentives.

Additionally, although Whittingon's request is atypical, the Court does not believe it is unreasonable. The complexity of this case is reflected by the Commissioner's two requests for extensions to respond to Whittington's brief. (Docs. 23, 24.) In the second request for an extension of time, the Commissioner explained

> We acknowledge that second extensions are not favored by the Court. However, we rarely ask for second extensions and this case has presented some technical and complicated issues that required agency counsel to confer with other components in the agency who had the technical expertise to assist her in formulating a proper response, which took longer than expected.

(Doc. 24.) This request is telling, particularly because the Assistant United States Attorney assigned to this case has represented the Government in thousands of cases before the Middle District of Georgia and the Eleventh Circuit. And, of course, Whittington's counsel did not have the benefit of consulting with the agency when preparing her brief. A review of both Parties' briefs verifies this was a complex case requiring irregular amounts of preparation and research. (*See* Docs. 22, 25, 28.)

Finally, the Commissioner's comparator cases are distinguishable. *Howard v. Astrue*, 3:10-cv-86 (M.D. Ga. Jan. 13, 2012), involved an initial disability determination and whether the Court should remand the case to ALJ or find that the evidence established disability without any doubt. *Perkins v. Astrue*, 1:09-cv-60 (M.D. Ga. Sept. 1, 2010) involved one issue: whether the ALJ applied the correct legal standards under Listing 12.05(c). Similarly, the Court in *Taylor v. Astrue*, 5:09-cv-146 (M.D. Ga. Jun. 1, 2010), primarily addressed the sole question of whether substantial evidence supported the ALJ's decision.

In contrast, this case involved four issues of a complex, technical nature. And although the Commissioner has identified a number of cases involving lower fee awards, courts have also given higher awards when warranted. *See Hill v. Comm'r, Soc. Sec. Admin.*, No. 7-19410-JE, 2009 WL 1838332, at *2 (D. Or. Jun. 24, 2009) (collecting cases); *see also Bright-Jacobs v. Barnhart*, 386 F. Supp. 2d 1352, 1355 (N.D. Ga. 2005) (awarding $17,143.23).

Therefore, Whittington's Motion for Attorneys' Fees is **GRANTED**, subject to the amendment she made in her reply brief. The Commissioner is **ORDERED** to pay Whittington $12,977.55[3] in attorneys' fees.

**SO ORDERED**, this  5th  day of April 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**

---

[3] The Court reaches this figure after subtracting the 14.8 hours Whittington's reply removed from her request. Because Whittington requested only one-third McKoy-Mott's time because of her inexperience in federal court, the Court subtracted 14.8 from the 108 hours and divided that number by three.